THE STATE OF FLORIDA ex rel. UNION INDEMNITY COMPANY, *Relator*, vs. W. V. KNOTT, as Treasurer of the State of Florida, *Respondent*.

143 So. 221, 296.

En Banc.

ON REHEARING.

Opinion filed July 19, 1932.

*Harry T. Gray* and *Robert H. Anderson,* for Relator;

*Cary D. Landis,* Attorney General, and *H. E. Carter,* Assistant, for Respondent.

PER CURIAM.—In the original opinion in this case we said: "New York Indemnity Company wrote the liability insurance and became surety for the liability of Florida Motor Lines, Incorporated, under its authority to do a surety business in the State of Florida and by Section 4341 R. G. S., 6304 C. G. L., it is estopped to deny its corporate power to assume this liability."

It may be more accurate to say: New York Indemnity

Company wrote the liability insurance and thereby bound itself to indemnify Florida Motor Lines Incorporated under certain conditions named in the contract, policy or *bond* under its authority to do business in this State as provided in chapter 4716, Acts of 1899, as amended by chapter 7867, Acts of 1919, and chapter 12321, Acts of 1927, the same being compiled as sections 6300 to 6306 C. G. L., inclusive, and by such statutes it is estopped to deny its corporate power and authority to execute and deliver such contract, policy or bond.

The original opinion is to this extent modified or reformed. Otherwise, the original opinion is adhered to. It appears to us that it is not clear from the pleadings before us that Union Indemnity Company has assumed the liability of New York Indemnity Company to Florida Motor Lines Incorporated and, therefore, Relator has failed to show that a clear right exists to have peremptory writ issue. If it be true that Union Indemnity Company has legally assumed the liability of New York Indemnity Company to Florida Motor Lines Incorporated and has done all other things alleged by it in the alternative writ to have been on its part performed, it would be entitled to the relief prayed. Amendment should be allowed.

It is, therefore, ordered that if the alternative writ of mandamus be not amended within ten days, it shall and will stand quashed. It is so ordered.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.

BROWN, J., dissents.

BROWN, J. (Dissenting).—I dissent for the same reasons which caused me to dissent to the opinion and decision on the original hearing. It was my view then, and is now, that the relator's motion for the peremptory writ should have been granted. I see no occasion, therefore,

to require the relator to make the amendment above required. Briefly, my views are that the deposit of bonds required by section 6302 C. G. L. is only required of companies "which offer or undertake to become surety upon any bond, or surety contract." The relator, being no longer liable under that statute, is entitled to the return of the bonds. See also Section 6303 C. G. L. In order for a company to qualify to do a liability insurance business, it only has to furnish the Treasurer with the statement required by Sec. 6198 C. G. L. and furnish evidence to the Treasurer that it had actually invested in specified classes of bonds as required by Section 6199, C. G. L. No deposit of bonds is required in order to do a liability insurance business. I think there is a distinction between a surety bond or surety contract and an automobile liability insurance policy, which is recognized by the statutes above cited.

On Amended Alternative Writ of Mandamus.

Per Curiam.—In the opinion on rehearing it is stated that:

"It appears to us that it is not clear from the pleadings before us that Union Indemnity Company has assumed the liability of New York Indemnity Company to Florida Motor Lines Incorporated, and, therefore, relator has failed to show that a clear right exists to have peremptory writ issue."

Leave was given to amend the alternative writ of mandamus herein. An amended petition was filed by the relator and an amended writ was issued thereon in which it is alleged that:

"On May 22nd, 1931, Union Indemnity Company and New York Indemnity Company made a contract for reinsurance, by the terms of which the former assumed the liability of the latter upon all of its outstanding unexpired policies of insurance and uncancelled fidelity and surety bonds, and agreed to fulfill all of the insuror's

or surety's obligations thereunder. Union Indemnity Company, by the provisions of the reinsurance agreement, assumed all outstanding and unpaid claims, known and unknown, against New York Indemnity Company, and agreed to adjust and settle with the assureds, the obligees, and any other persons entitled thereto, all losses, damages or benefits arising under such policies or bonds. That, among other liabilities, your Relator, Union Indemnity Company assumed the liability of New York Indemnity Company upon that certain automobile public liability insurance policy theretofore issued by New York Indemnity Company in favor of Florida Motor Lines, Inc., to the same extent that the New York Indemnity Company was liable thereupon as fully and as completely as though your Relator had originally issued such policy of insurance, and now remains so liable upon said public liability insurance policy to Florida Motor Lines, Inc., the said policy being the identical policy referred to in Respondent's return to the original writ in this cause. * * * * * Union Indemnity Company now remains liable and obligated on all policies of insurance and surety bon⸗ of New York Indemnity Company heretofore issued by it, and the bonds deposited by Union Indemnity Company with the Treasurer of the State of Florida, as set forth in paragraph 1 hereof, are held as security not only for the performance of contracts of suretyship executed by it, but also for those made by New York Indemnity Company and assumed by Union Indemnity Company under the reinsurance agreement between them.''

The following stipulation was filed in the cause:

''The Relator, having filed an amended petition pursuant to the opinion and order of the Court entered herein on July 19th, 1932, and the amended writ having issued,

IT IS STIPULATED AND AGREED between counsel for the respective parties that the Respondent's return filed herein to the original writ shall stand as his return to the amended writ and the Relator's motion for a peremptory writ heretofore filed herein, shall be

taken, deemed and considered to have been renewed as of this date, and

That the Court may forth with proceed to consideration of the cause upon the issues made by the amend writ, the return and the Relator's motion for a peremptory writ and let such judgment herein as ought, in the premises, be rendered.''

It now appears that Union Indemnity Company has ''assumed all outstanding claims, known or unknown against New York Indemnity Company'' including ''that certain automobile public liability insurance policy heretofore issued by New York Indemnity Company in favor of Florida Motor Lines, Inc.'' etc., which particular liability insurance policy is referred to in the return of the respondent herein. In view of this showing in the amended alternative writ and of the stipulation of counsel that the return made to the original alternative writ shall stand as respondent's return to the amended writ, the relator's motion for a peremptory writ of mandamus is granted.

It is so ordered.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.

BROWN, J., concurs in the conclusion.